UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SAFIYYAH RAHMAAN, and all similarly situated individuals, : | : |
| Plaintiff, | : Case No.: 1:02CV01822 (RWR) |
| v. | : Judge Richard W. Roberts |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : Magistrate Judge Alan Kay |
| Defendant. | : |

---

## STIPULATION OF VOLUNTARY DISMISSAL

THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD, stipulate as follows:

WHEREAS, on September 13, 2002, Plaintiff Safiyyah Rahmaan filed a Complaint in this action against defendant Federal National Mortgage Association ("Defendant");

WHEREAS, on September 27, 2002 Plaintiff Safiyyah Rahmaan filed a First Amended Complaint in this action against Defendant;

WHEREAS, Plaintiff and her counsel have decided to voluntarily dismiss this action with prejudice;

WHEREAS, Defendant stipulates to this dismissal;

WHEREAS, the matter has not been certified as a class action;

WHEREAS, under Fed. R. Civ. P. 41(a)(1), Plaintiff is entitled to dismiss this action upon stipulation of the parties:

> Subject to the provisions of Rule 23(e), of Rule 66 and of any statute of the United States, an action may be dismissed by the plaintiff without order of the court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

WHEREAS, it being just and practicable, this case should be subject to Fed. R. Civ. P. 23(e), as amended, effective December 2003;

WHEREAS, the dismissal of this action would in any event comply with the pre-December 2003 version of Fed. R. Civ. P. 23(e), because neither the named Plaintiff nor her counsel has received or will receive any consideration for the dismissal of the action, negating any concern that any party or counsel will profit from the dismissal to the detriment of unnamed class members;

WHEREAS, no prejudice to absent putative class members will result from dismissal of this action; and

WHEREAS, the parties agree that each party and all counsel have complied with each requirement of Fed. R. Civ. P. 11 as to any pleadings filed in this case and all actions taken in this case,

IT IS HEREBY STIPULATED AND AGREED, by and through the parties' respective counsel, and subject to the Court's approval, that this action shall be dismissed under the following terms and conditions:

1. The parties agree that Plaintiff will dismiss her claims with prejudice, under Rule 41(a) of the Federal Rules of Civil Procedure, and this dismissal is with prejudice only as to Plaintiff Safiyyah Rahmaan.

2. Pursuant to the terms of the Interim Protective Order, entered by this Court on July 11, 2003, which remains in effect now and following dismissal of the action, within ninety (90) days of the date of this Stipulation, the parties must return to the disclosing party or destroy all Confidential Information that has been supplied by other parties during the course of this litigation. When a party has completed its obligations under this Paragraph, it shall provide written notice to that effect to each disclosing party.

3. Consistent with Paragraphs 3 and 5 of the Interim Protective Order, the parties shall not use for any purpose, reveal, disclose, or make available for inspection and copying to any person any Confidential Information, or any information obtained there from, that has been supplied by other parties during the course of this litigation.

4. The parties agree to bear their own costs and fees in connection with this matter, and no party or their counsel shall seek reimbursement from or pursue any action or claim against any other party or their counsel for any fees, costs, expenses, damages or otherwise of any sort in connection with the filing, prosecution, defense or dismissal of this action or the events that are the subject of this action. The parties further agree that the parties and their counsel finally and forever release, relinquish and discharge each other for all claims (including unknown claims), arising out of, in any way relating to, or in connection with the institution, prosecution, assertion, or resolution of this case.

IT IS SO STIPULATED.

DATED: November ____, 2004.

_____
Andrew S. Friedman
Wendy J. Harrison
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

W. Christian Hoyer
Christa L. Collins
JAMES, HOYER, NEWCOMER
& SMILJANICH, P.A.
4830 West Kennedy Blvd.
Urban Centre One, Suite 550
Tampa, FL 33609
Telephone:  813/286-4100
Facsimile:   813/286-4174

Roger M. Adelman
LAW OFFICE OF ROGER M. ADELMAN
Bar No. 056358
1100 Connecticut Ave., N.W., Suite 730
Washington, D.C. 20036
Telephone: 202/822-0600
Facsimile:  202/822-6722

Susan M. Greenwood
MILBERG WEISS & BERSHAD
BARRY A. WEPRIN
One Pennsylvania Plaza
New York, NY 10119
Telephone: 212/594-5300
212/868-1229 (fax)

2

John J. Stoia, Jr.
Susan Collyer
Amelia F. Burroughs
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

*Attorneys for Plaintiff*

---

John A. Payton
David W. Ogden
Brigida Benitez
Jennifer M. O'Connor
Rebecca J.K. Gelfond
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2445 M Street, NW
Washington, DC 20037-1420
(202) 663-6000

John H. Beisner
Brian P. Brooks
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

*Attorneys for Defendant*